Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES HARDING,<br><br>        Plaintiff,<br><br>              v.<br><br>RASH CURTIS & ASSOCIATES,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;**<br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

JAMES HARDING ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against RASH CURTIS & ASSOCIATES ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code §1788, *et seq.* ("RFDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(1) and (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Concord, California 94520.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant is a corporation with its principal place of business located at PO Box 5790, Vacaville, California 95696.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

9. Debt collection is the principal purpose of Defendant's business.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. By way of background, beginning in or about September 2017, Defendant began placing repeated harassing telephone calls to Plaintiff attempting to collect an alleged debt that was incurred primarily for personal, family, or household purposes.

12. Defendant's harassing debt collection calls derived from the following phone number: (866) 729-2722. The undersigned has confirmed that this phone number belongs to Defendant.

13. Attempting to curtail Defendant's excessive collection calls, Plaintiff told Defendant to stop calling in or around October 2017.

14. Once Defendant was aware that its calls were unwanted, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

15. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

16. Contrary to Plaintiff's instruction to stop calling, Defendant continued to call Plaintiff through December 2017.

17. Plaintiff found Defendant's excessive collection calls to be intrusive, disruptive and harassing during this time period, especially when he was regularly interrupted by Defendant's calls while attending non-profit meetings as well as during job interviews.

18. Frustrated by Defendant's relentless calls, Plaintiff ultimately decided to download a blocking application onto his cellular telephone to stop these calls.

## COUNT I
### DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

19. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

20. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

21. Defendant violated both sections when it called Plaintiff repeatedly within the one year period preceding the filing of this Complaint knowing at all times that its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

22. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

23. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, JAMES HARDING, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17; and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAMES HARDING, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

DATED: December 6, 2018

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com